REDMANN, Judge,
concurring.
A custodial parent who has two sets of children (from two marriages) can hardly feed steak to one set and beans to the other. Defendant father argues that $1,250 monthly child support cannot be spent on his children because their mother cannot afford to spend similarly on her other two children, and that the result will be that his child support money will be spent on the mother’s whole new family. But that argument does not fit our facts: after spending $300 on medical and about $200 on private schools and related expenses, the mother would have only $750 before taxes to spend on the two older children, while she has $1,400 after taxes (plus her income from snowball and ice cream store) to spend on herself, her second husband and their two younger children. Thus the issue that defendant father seeks to raise is not present here.
Defendant also argues that the $300 monthly increase for psychotherapy should have taken the form of an order to him to pay direct the bills for psychotherapy. There are reasons to commend this form in respect to substantial and unusual expenses of indefinite duration, not the least among which is economy of judicial administration. The judgment appealed from is questionable in form as judicial administration, in *1019 already overcrowded courts, because it will multiply litigation: the paying parent is obliged to sue for a reduction in child support when the medical expense becomes no longer necessary; the custodial parent is obliged to sue for an increase if more frequent therapy becomes necessary. But the fact remains that the change that defendant father seeks is a matter of form rather than of substance, and it is a change he did not seek in the trial court: it should therefore not be considered on appeal notwithstanding La.C.C.P. 2164’s authorization of “any judgment which is just, legal, and proper upon the record on appeal.”